IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**CITY OF PORTSMOUTH, VIRGINIA**
and
**THE INDUSTRIAL DEVELOPMENT AUTHORITY**
**OF THE CITY OF PORTSMOUTH,**

      **Plaintiffs,**

  v.                      **CIVIL ACTION NO. 2:05cv341**

**BURO HAPPOLD CONSULTING ENGINEERS, P.C.**
and
**CMSS ARCHITECTS, P.C.,**

      **Defendants.**

*MEMORANDUM OPINION AND ORDER*

This matter is before the Court on several motions for both parties. The matters are fully briefed and ripe for disposition.

### I.  FACTUAL AND PROCEDURAL HISTORY

On or about April 20, 2005, Plaintiffs City of Portsmouth, Virginia (the "City") and the Industrial Development Authority of the City of Portsmouth ("IDA") filed a Second Amended Motion for Judgment in the Circuit Court for the City of Portsmouth. Defendant CMSS Architects, P.C. ("CMSS") is a Virginia corporation with its principal place of business in Virginia. In June 2000, CMSS contracted with IDA and the City to provide design and architectural services for the Harbor Center Performing Arts Center, commonly known as the nTelos Pavilion ("Harbor Center"). The IDA then assigned its rights under the contract to the City. Plaintiffs allege that CMSS breached the contract in Count IV of the Second Amended

Motion for Judgment, by not complying with the applicable standard of professional care and not exercising due diligence in the design and approval of drainage defects in the roof.

IDA contracted with another company, Birdair, Inc. ("Birdair") in October 2000 to design and install a tensioned membrane roof for the Harbor Center. Birdair hired Defendant Buro Happold Consulting Engineers, P.C. ("Buro Happold") as a subcontractor to perform the design, analysis and construction services for the Harbor Center roof. Buro Happold is a New York corporation. In the Second Amended Motion for Judgment, Plaintiffs allege that Defendant Buro Happold's designs and construction were defective and caused the roof to fail on September 18, 2003. The roof was subjected to heavy winds from Hurricane Isabel, and Plaintiffs allege that the tension membrane roof failed when it should have been able to withstand such winds under the contract's specifications. Plaintiffs also state that Defendant Buro Happold agreed to "indemnify and hold the City harmless from any damages and losses, including attorneys' fees, 'arising out of or resulting from' Buro Happold's work." (Pls.' Mem. in Support of Mot. to Remand at 2.) Plaintiffs also sue as third-party beneficiaries of the contract between Birdair and Buro Happold.

Plaintiffs originally brought suit in the Portsmouth Circuit Court on April 22, 2004 against Defendant CMSS and Birdair. Defendant Buro Happold was not named in the original Motion for Judgment. Plaintiffs claim that Birdair attempted to bring in Defendant Buro Happold as a third-party defendant, but was unsuccessful. Just before the trial scheduled for February 14, 2005, Birdair settled its portion of the case, and a judgment was entered in the amount of $2,750,000. The trial was continued as to Defendant CMSS. On April 15, 2005, the City and IDA filed the Second Amended Motion for Judgment adding Buro Happold as a

defendant. Defendant Buro Happold was served with the Second Amended Motion for Judgment on May 9, 2005. On June 6, 2005, Defendant Buro Happold filed a Notice of Removal bringing this action before the Court. Plaintiffs IDA and the City filed a Motion to Remand on July 5, 2005 arguing that the removal was untimely, that no diversity jurisdiction exists, and that Defendant waived the right to remove because of its actions in state court. Plaintiffs also move for an order requiring Defendant Buro Happold to pay the costs incurred as a result of the removal and subsequent remand motion. On August 5, 2005, Defendant Buro Happold filed several Motions to Dismiss pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure on the bases that the Court lacks subject matter jurisdiction, lacks personal jurisdiction over the company, and the Plaintiffs fail to state a claim upon which relief can be granted. Most recently, Plaintiffs filed a Motion to Stay or Enlarge Time to Respond to Pleadings Pending Decision on Remand Motion.

## II. LEGAL STANDARD

Any civil action for which a federal court has original jurisdiction that is brought in state court can be removed by a defendant or defendants to the appropriate federal district court pursuant to Title 28, United States Code, Section 1441. Original jurisdiction for a federal district court exists in civil actions between citizens of different states and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). A party defending removal of a case bears the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* If federal jurisdiction is based upon the diversity of the parties, the action is only removable if none of the properly joined and served

3

defendants are a citizen of the state in which the action was originally brought. 28 U.S.C. § 1441(b); *ITT Indus. Credit Co. v. Durango Crushers, Inc.*, 832 F.2d 307, 308 (4th Cir. 1987).

### III. DISCUSSION

The Court must first determine whether removal of this matter was appropriate in the first instance. The Defendant filed the Notice of Removal on June 6, 2005 on the basis of diversity jurisdiction. Plaintiffs argue that removal was not proper because the Notice of Removal was filed more than one year after the commencement of the action, and that Defendant CMSS Architects, P.C. is a non-diverse party. The Defendant argues that Defendant CMSS was improperly joined in the Second Amended Complaint solely for the purpose of defeating diversity jurisdiction, and since joinder was improper, removal is appropriate.

**A. Motion to Amend**

Plaintiffs first move for Leave to File an Amendment to their Memorandum in Support of their Motion to Remand. IDA and the City request the amendment in order to clarify the discussion of a case cited in support of remand. Neither Defendant has filed any objection or response to Plaintiffs motion. Accordingly, Plaintiffs' Motion for Leave to Amend is **GRANTED.**

**B. Motion to Remand**

**1. 28 U.S.C. § 1446(b)**

The Plaintiffs argue that removal is not proper more than one year after the filing of the initial Motion for Judgment. Federal statute provides that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading ... from which it may first be ascertained that the case is one

> which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (2004); *Lovern v. Gen. Motors Corp.,* 121 F.3d 160 (4th Cir. 1997). The determination of when an action commences depends upon state law. *See US Airways, Inc. v. PMA Capital Ins. Co.*, 340 F. Supp. 2d 699, 704 (E.D. Va. 2004). Under Virginia law, a lawsuit commences by filing a motion for judgment in the clerk's office. Va. Sup. Ct. R. 3:3.

Title 28 U.S.C. § 1446(b) also applies where a party is not named in the original Motion for Judgment, but is later added by an Amended Motion for Judgment. *See Price v. Messer*, 872 F. Supp. 317, 320 (S.D. W. Va. 1995); *US Airways*, 340 F. Supp. 2d at 705 (stating that "action does not 'commence' more than once merely because other parties later are joined or dismissed from the suit); *Royer v. Harris Well Service, Inc.*, 741 F. Supp. 1247 (M.D. La. 1990); *Perez v. Gen. Packer, Inc.*, 790 F. Supp. 1464, 1469 (C.D. Cal.1992). Defendant Buro Happold was added as a defendant upon Plaintiffs' filing of the Second Amended Motion for Judgment. Thus, the one-year limitation does apply here.

Defendant argues that the Court can waive the statutory restriction in the interest of equity. Defendant relies upon *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003). In *Tedford*, the court denied the plaintiff's motion to remand the action to state court despite the fact that it was removed one year and ten days after the commencement of the suit. *Id.* The court found that the statutory limitation was not jurisdictional, and thus could be waived in the favor of equity. *Id.* The court also found that the plaintiff had acted deliberately to prevent removal by first improperly adding non-diverse parties, then delaying in notifying defendant of a non-suit against the remaining non-diverse party. *Id.* The court in *Tedford* also discussed an earlier Fifth

Circuit case holding that an equitable exception existed to the remand statute. *Id.* at 426 (discussing *Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513 (5th Cir. 1992)). In *Barnes*, the court denied the plaintiff's motion to remand finding that § 1446(b) was not jurisdictional, and therefore defendant waived the argument by not raising it until 20 months after removal. 962 F.2d at 516.

The United States Court of Appeals for the Fourth Circuit has not explicitly decided the matter, but did discuss the one-year limitation as an "absolute bar to removal of cases in which jurisdiction is premised on 28 U.S.C. § 1332 'more than 1 year after commencement of the action.'" *Lovern*, 121 F.3d at 163 (quoting 28 U.S.C. § 1446(b)). *See also Price*, 872 F. Supp. at 320 (finding that there are no exceptions to the one-year rule). Defendant has the burden of justifying removal in this case, and has offered no binding precedent that the one-year limitation prescribed in 28 U.S.C. § 1446(b) is subject to principles of equity.

Nevertheless, assuming such equitable principles could apply, Defendant has not shown that this is a case warranting an exception. The legislative history of the statute reveals that the specific purpose of the statute is to disallow removal after significant action in state court. *Price*, 872 F. Supp. at 320; *US Airways*, 340 F. Supp. 2d at 706, n. 8. There has been significant action in state court in this case, though Defendant Buro Happold was not yet a party to the case. The Plaintiffs and the state court are somewhat familiar with the facts and circumstances of the litigation, which is exactly the situation contemplated by the statute. In the other cases Defendant cites in favor of applying equitable principles, there were other compelling factors the courts considered that justified application of an equitable exception.

In *Booth v. Furlough*, the court assumed without deciding that equity allowed waiver of

6

the statute, but nevertheless found that because the state court had already ruled that the plaintiff's claim against the third-party defendant violated the statute of limitations, allowing the case to proceed in federal court would give plaintiffs a second chance to re-litigate the already decided issue. 995 F. Supp. 629, 632 (E.D. Va. 1995). In *US Airways*, the court similarly denied removal finding that there was no "artful maneuvering", or any gimmicks from the plaintiff in order to deprive the defendant of its right to remove. 340 F. Supp. 2d at 706-707 (citing *Saunders v. Wire Rope Corp.*, 777 F. Supp. 1281, 1284-85 (E.D. Va.1991)). *See also Tedford*, 327 F.3d at 426 (plaintiff improperly added non-diverse parties and delayed in giving proper notice after a non-suit against the non-diverse party). *US Airways* distinguished two factually distinct cases wherein the plaintiffs had deliberately delayed in serving process upon the defendant until the one-year limitation period had almost expired. *Id.* (discussing *Saunders*, 777 F. Supp. at 1284 and *Sheppard v. Wire Rope Corp.*, 777 F. Supp. 1285 (E.D. Va. 1991)). In both *Saunders* and *Sheppard*, there had been no progress on the case for a year because of the delays in service. *Id.* Here, however, Defendant Buro Happold was served soon after it was added as a party in the litigation, and there has been progress in the state court against the other defendants prior to the filing of the Second Amended Motion for Judgment.[1]

None of the factors favoring applying an equitable exception to the removal statute are applicable to this case as there has been no showing of any gimmicks or unjustifiable delay. The City has provided a reasonable explanation for filing the Second Amended Judgment two months

---

[1] The parties did not provide specifics as to the progress in the state court, but both parties mention depositions taken and the City states that it engaged in "intense discovery and pre-trail preparation with both parties." (Pls.' Reply Mem. in Support of Motion to Remand at 3.)

after the settlement with Birdair,[2] and the delay is simply not comparable to the one year delay of *Saunders* and *Sheppard*. The Defendant notes that 28 U.S.C. § 1446(b) is also intended to prevent strategic delays by a defendant to determine the state court's receptivity to its position. *See Lovern*, 123 F.3d at 163. This concern may not be present here given that the Notice of Removal was filed less than one month after service of the Second Amended Motion for Judgment. Nevertheless, Defendant Buro Happold has not shown that the absence of this factor weighs against the other factors favoring removal. This case has been pending in some form in state court for more than a year, despite Defendant's late entry, and there is no evidence of any manipulation of the removal process by Plaintiffs.

The Court does not find any equitable basis to apply an exception to the one-year bar against removal to the federal courts. Defendant has not met its burden of showing that removal is appropriate, and all doubts regarding removal are to be resolved in favor of remand. Although Defendant Buro Happold may be inconvenienced by proceeding in state court, this is the situation contemplated by 28 U.S.C. § 1446(b) where a diverse defendant is added to a case after its commencement.

**2. Fraudulent Joinder**

Plaintiffs also move to remand on the basis that no diversity exists between all Defendants and Plaintiffs because Defendant CMSS is a citizen of Virginia. Defendant Buro Happold argues that CMSS is improperly joined solely for the purpose of defeating diversity

---

[2]The City states that it did not bring suit against Defendant Buro Happold until it refused to honor the indemnification clause in the contract with Birdair. The City filed the Second Amended Motion for Judgment two days after receiving notice from counsel for Buro Happold disputing the indemnity obligation.

8

jurisdiction. The defendant has the burden of establishing by clear and convincing evidence that a party has been fraudulently joined. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232-233 (4th Cir. 1993); *Storr Office Supply Div., a Div. of Storr Office Env'ts., Inc. v. Radar Bus. Sys.-Raleigh, Inc.*, 832 F. Supp. 154 (E.D.N.C. 1993). The defendant must show that "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Id*. at 232 (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). A plaintiff must only show that there is a possibility of a right to relief, and that there is a reasonable basis for a cause of action against the objectionable defendant. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). In determining whether fraudulent joinder has occurred, the Court must resolve all issues of fact and law in the plaintiff's favor, thus creating a heavy burden for a defendant seeking removal. *Id.* at 233; *Hartlet v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999); 14B Charles A. Wright et al., Federal Practice & Procedure § 3723, at 577 (3rd ed. 1998). Further, "... the Court is not bound by the allegations of the pleadings, but instead it may consider the entire record and may resolve the issue by any means available." *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990).

      Defendant claims that Plaintiffs abandoned their claims against Defendant CMSS and it remains a party in name only, solely to defeat diversity jurisdiction. The Second Amended Motion for Judgment alleges that Defendant CMSS is liable for the damages to the structure at the Harbor Center by breaching the contract it held with Plaintiffs regarding the design and architectural services. CMSS was named in the original Motion for Judgment, wherein Plaintiffs

alleged that CMSS was liable for the roof failure because of its negligent design of the follow-spot platforms located near the roof. (Pls.' Mem. in Support of Mot. to Remand at Ex. 1.) Further, Plaintiffs argue that Defendant Buro Happold and Birdair have claimed that Defendant CMSS is responsible for the roof's failure. They also submit a summary of several experts regarding the roof failure. Specifically, Plaintiffs state that it is the opinion of Sheldon Leavitt, a professional engineer, that CMSS did not comply with the applicable standard of care by not detecting certain defects, failing to ensure that the roof drained properly and covered the structure properly, failing to coordinate its design of certain structural elements with Birdair and Buro Happold, and failing to ensure compliance with design specifications. (Pls.' Mem. in Support of Mot. to Remand at Ex. 3.) The other engineers cite numerous other deficiencies by Birdair regarding the design and construction of the roof. Plaintiffs also state that Mr. Angus Palmer, the lead engineer at Buro Happold, testified previously that CMSS was responsible for the roof's failure. (Pls.' Reply Mem. in Support of Mot. to Remand at 3.)

Although Defendant Buro Happold claims that Plaintiffs initially abandoned their claims against Defendant CMSS, it provides no documentation or evidence of Plaintiffs' intent to do so. Similarly, the Plaintiffs' alleged failure to designate experts in the state court does not evince that under no circumstances can Plaintiffs establish liability on the part of CMSS. Plaintiffs have submitted some evidence in support of their allegation that CMSS, either in addition to or instead of Birdair and Buro Happold was responsible for the alleged defects.

Defendant Buro Happold also argues that Defendant CMSS is improperly joined because Plaintiffs' allegations against CMSS consider only the drainage system, whereas the allegations

against Buro Happold consider the roof only.[3] Although Plaintiffs' amended allegations against CMSS deal only with the drainage system, it is not clear that CMSS is not implicated in the roof failure given the evidence described above. Moreover, the claims do arise out of the same transaction or occurrence.[4] *See* Va. Code §§ 8.01-271, 8.01-281(A) (2004); Va. S. Ct. R. 1:4(k) (2004) (in suits against multiple defendants claims must "arise out of the same transaction or occurrence."). Although Defendant Buro Happold relies upon the fact that Plaintiffs allege non-failure related deficiencies by CMSS, the relevant time period for the breach of contract claim is the design and building phase of the project. Assuming Buro Happold is liable under any of Plaintiffs' theories, it is liable for failing to design and build a roof that could withstand loads such as the one incurred by Hurricane Isabel, rather than the occurrence of the hurricane itself. Thus, the relevant "transaction or occurrence" for the claims against both Defendants is the design and construction of the Harbor Center, on which both Defendants were involved.

---

[3] Although some courts have recognized that procedural misjoinder may form the basis for a fraudulent misjoinder claim, it has not been recognized by the United States Court of Appeals for the Fourth Circuit. *See John S. Clark Co., Inc. v. Travelers Indem. Co. of Ill.*, 359 F. Supp. 2d 429, 436 (M.D.N.C. 2004). The Court will therefore assume without deciding that procedural misjoinder would justify a finding of fraudulent joinder.

[4] There is some difference of opinion as to whether state or federal procedural law applies to the determination of when claims are properly joined under the fraudulent joinder doctrine. *See Grennell v. W. S. Life Ins. Co.*, 298 F. Supp. 2d 390, 397 n. 9 (S.D. W. Va. 2004). The majority of courts have found that state procedural law governs the matter. *See, e.g., In re Diet Drugs Prods. Liab. Litig.*, 294 F. Supp. 2d 667 (E.D. Pa. 2003); *Conk v. Richards & O'Neil, LLP*, 77 F. Supp. 2d 956, 971 (S.D. Ind. 1999). *But see, e.g., Coleman v. Conseco, Inc.*, 238 F. Supp. 2d 804, 814 (S.D. Miss. 2002) (applying federal *Erie* doctrine that for purposes of removal, federal procedural law applies). Federal law is more permissive and allows joining of any claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). As the analysis is the same under both state and federal law here, the Court will apply the more restrictive state standard.

Plaintiffs allege that CMSS was involved in some aspects of the roof design, and supplies evidence from at least two engineers that CMSS may be liable for the roof failure. (Pls.' Mot. to Remand at Ex. 3.) The Court must consider the entire record, which does not conclusively show that Plaintiffs' claims against the Defendants do not arise out of the same transaction or occurrence. It is clear that there was some collaboration between the various companies on the design of the Harbor Center, and Defendant have not shown that CMSS' involvement or potential liability is separate and distinct from that of Buro Happold.

Defendant Buro Happold cannot meet its burden of showing that there is no possibility for Plaintiffs to recover against Defendant CMSS. Assuming the truth of Plaintiffs factual allegations, Defendant CMSS could potentially be liable for damages to the Harbor Center. Defendant Buro Happold fails to meet the heavy burden of showing that Defendant CMSS is fraudulently joined in this action. Absent a showing of fraudulent joinder, there is no diversity. Defendant CMSS and Plaintiffs are both citizens of Virginia. Accordingly, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a).

### 3. Waiver of Venue

Plaintiffs also allege that Buro Happold waived any right to remove by filing several motions, pleas, and objections in the state court prior to filing the Notice of Removal. Plaintiffs attach a Motion to Quash Service of Process, Motion to Dismiss and Special Plea to the Jurisdiction, an Objection to Venue and Motion to Dismiss, another Motion to Dismiss, a Demurrer, a Motion for Bill of Particulars, as Motion Craving Order, a Motion to Drop as well as a Special Plea of the Statute of Limitations. The Court has already found remand appropriate on other grounds, however, so Plaintiffs' argument here is moot.

Defendant Buro Happold's Notice of Removal was filed more than one year after the commencement of this action in state court in violation of 28 U.S.C. § 1446(b). In addition, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a) because Defendant CMSS is a Virginia corporation, and is not fraudulently joined. The Court must resolve all doubts regarding jurisdiction in favor of remand, and accordingly, Plaintiffs' Motion to Remand is **GRANTED.**

**C. Motion for Costs**

Plaintiffs also move for an order requiring Defendant Buro Happold to pay the costs incurred as a result of the removal and subsequent remand motion. Federal law allows for such an order in certain circumstances. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Court has the discretion whether to award fees and costs under 28 U.S.C. § 1447(c). Bad faith is not required for such an order whose purpose is merely to reimburse a party for the costs associated with responding to an improper removal. *See In re Lowe*, 102 F.3d 731, 733 (4th Cir. 1996); *Watson v. Charleston Hous. Auth.*, 83 F. Supp. 2d 709, 712 (S.D. W. Va. 2000). The Court finds the award of attorney's fees is not appropriate in this matter. Plaintiffs' Motion is **DENIED**.

**D. Motion to Quash Subpoena and for Protective Order**

Plaintiffs IDA and the City of Portsmouth move to quash a subpoena issued by Buro Happold on the ground that it is premature and constitutes impermissible discovery under Rule 26. Plaintiffs also move for a protective order that would prohibit Buro Happold from engaging in any discovery until after the remand issue is resolved. As the Court has granted Plaintiffs' Motion to Remand, the matter is **MOOT**.

**E. Motion for Leave to Serve Subpoena**

Defendant Buro Happold moves for an order granting it leave to serve a subpoena in advance of the Court's Rule 26(f) Order and permitting it to obtain requested documents. Defendant's Motion for Leave to Serve Subpoena is **MOOT**.

**F. Motions to Dismiss**

Defendant Buro Happold moves to dismiss this action arguing that the Court lacks subject matter jurisdiction, that the Court lacks personal jurisdiction, and that the Second Amended Motion for Judgment fails to state a claim upon which relief can be granted. The Court has already determined that remand is appropriate and therefore Defendant's motions are **MOOT.**

**G. Motion to Stay**

Plaintiffs move pursuant to Rule 6(b) of the Federal Rules of Civil Procedure to stay or enlarge the time within which they must respond to Defendant's motions. The Court has already determined that remand is appropriate and therefore Plaintiffs' motion is **MOOT.**

## IV. CONCLUSION

Plaintiffs' Motion for Leave to Amend is **GRANTED.** Plaintiffs' Motion for Remand is **GRANTED** and Plaintiffs' Motion for Costs is **DENIED**.

Plaintiffs' Motion to Quash Subpoena and for Protective Order is **MOOT**. Plaintiffs' Motion to Stay or Enlarge Time to Respond to Pleadings Pending Decision on Remand Motion is **MOOT**.

Defendant Buro Happold's Motion for Leave to Serve Subpoena is **MOOT**. Defendant Buro Happold's Motions to Dismiss for lack of subject matter jurisdiction, lack of personal

14

jurisdiction, and failure to state a claim upon which relief may be granted are **MOOT.**

The Court **DIRECTS** the Clerk to send copies of this Memorandum Opinion and Order to counsel for Plaintiffs and Defendants.

 **IT IS SO ORDERED.**

/s/
Henry C. Morgan
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 19, 2005